Kristin A. Zilberstein, Esq. (SBN: 47798)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ex. 1013
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
HMC Assets, LLC solely in its capacity as separate trustee of
CAM XVIII Trust

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### SEATTLE DIVISION

| | |
|---|---|
| In Re: Steven Jay Cunningham,<br><br>Debtor. | CASE NO.: 18-11167<br><br>CHAPTER 13<br><br>**OBJECTION TO AMENDED CHAPTER 13 PLAN**<br><br>**341(a) Meeting of Creditors:**<br>Date: 4/30/18<br>Time: 9:45 AM<br>Place: U.S. Courthouse, Room 4107<br><br>**Confirmation Hearing:**<br>Date: 7/19/18<br>Time: 9:30 AM<br>Ctrm: 7206<br>Place: U.S. Courthouse, Judge Alston's Courtroom<br><br>Judge: Christopher M Alston |

TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:

HMC Assets, LLC solely in its capacity as separate trustee of CAM XVIII Trust, its successors and/or assignees, ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtor") Steven Jay Cunningham.

Secured Creditor is entitled to receive payments pursuant to a Promissory Note which matures on 08/01/2047 and is secured by a Deed of Trust on the subject property commonly known as 9369 31st Street Seattle, Washington 98126. As of 3/22/18, the approximate amount in default was $220,830.72, as described in the Proof of Claim filed by Secured Creditor; Secured Creditor files this Objection to protect its interests.

## ARGUMENT

Under 11 U.S.C. §1325, the provisions for plan confirmation in a Chapter 13 have been set. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtor shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. Based on the foregoing, as more fullyg detailed below, the Plan cannot be confirmed as proposed.

### A. THE PLAN IS NOT CONFIRMABLE BECAUSE IT IS SPECULATIVE

Debtor proposes to address Secured Creditor's arrears in two ways. First, debtor's plan states they will seek a mortgage modification. It is highly implausible that debtor will be able to obtain a mortgage modification because debtor already applied for and was denied a modification in Febrary 2018, shortly before filing for bankruptcy. A true and correct copy of the letter sent to debtor in February 2018 denying a mortgage modification is attached **Exhibit 1**. Secured Creditor objects to this provision as it is too speculative and is not allowed under the Bankruptcy Code and current case law. It is too speculative to just state in a plan that the Debtor will try to obtain a mortgage modification in order to pay the secured claim, particularly when debtor has already been denied a mortgage modification

Secured Creditor objects to this treatment as speculative and prejudicial. Debtor may not premise the cure of Secured Creditor's arrears on a highly implausible speculative event.

Courts have long held that a plan should be not be confirmed where it is proposing a balloon payment or otherwise is contingent on a speculative event to take place in during the life of the plan. See *In Re Gavia* (9th Cir. BAP 1982) 24 BR 573,574; *In Re Nantz* (BC ED MO 1987) 75 BR 617, 618-619; *In Re Fantasia* (1st Cir. BAP 1997) 211 BR 420,424; *In Re Craig* (BC ND OH 1990) 112 BR 224,225.

The Plan does not address what the Debtor proposes to do if he is unable to obtain a mortgage modification. This provision puts the feasibility of the entire Amended Plan in question since it is contingent upon a speculative event.

Additionally the schedule of payments that debtor proposes is highly speculative. Debtor has not made a mortgage payment since June of 2009. Despite his inability to make any payments for nearly a decade his plan has him paying his monthly mortgage payment plus more than $3,000 a month in arrearages payments in just 12 months. Presumably, as the debtor is self employed, he is premising his ability to make these payments on an increase in business. But that increase is speculative. Historically, Debtor's business practices do not demonstrate the possibility of such an increase. Moreover, Debtor has not provided any evidence of the ability to do so. This provision puts the feasibility of the entire Amended Plan in question since it is contingent upon a speculative event.

**B. THE PLAN IS NOT FEASIBLE – DEBTOR DOES NOT HAVE SUFFICIENT INCOME**

Pursuant to Schedules I and J, Debtor has net income of $1915.00. See **Exhibit "2"** Schedules I and J. Based on the petition, Debtor is proposing to contribute more than his entire net income to the trustee each month. Debtor does not have sufficient net income for plan payments during the first 12 months of the plan when the proposed plan payment is $2,230. The plan payments only increase as the plan goes on. If Debtor does not have sufficient income to make plan payments now he certainly doesn't have sufficient income to make the proposed payments 12 months from now when they more than double. Thus, Debtor does not have sufficient net income for a Chapter 13 Plan, and the case should be dismissed or converted under these circumstances.

## C. **DEBTOR'S PROPOSED CHAPTER 13 PLAN VIOLATES PROVISIONS OF THE FEDERAL BANKRUPTCY CODE AND 9ᵀᴴ CIRCUIT CASE LAW, AND THEREFORE SHOULD NOT BE CONFIRMED - DEBTOR IS REQUIRED TO MAKE EQUAL MONTHLY PAYMENTS TOWARDS THE SECURED CLAIM AMOUNT FOR THE FULL DURATION OF THE PLAN**

The Debtor must pay the creditor the secured value of the lien in equal installments over the life of the plan, and not, as Debtor proposes, via dramatic periodic increases in payment amounts. 11 U.S.C. 1325(a)(5)(B) "requires bankruptcy courts to ensure that the property to be distributed to a particular secured creditor over the life of a bankruptcy plan has a total "value, as of the effective date of the plan," that equals or exceeds the value of the creditor's allowed secured claim." *Till v. SCS Credit Corp.,* 541 U.S. 465, 474 (U.S. 2004). Even more to the point, 11 U.S.C. 1325(a)(5)(B)(iii)(I) states, "property to be distributed pursuant to this subjection is in the form of periodic payments, such payments shall be in equal monthly amount." Because the Plan does not provide for equal monthly payments towards secured creditor's claim is not feasible and cannot be confirmed.

////
////
////
////
////
////
////
////

## **CONCLUSION**

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions

of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

    WHEREFORE, Secured Creditor prays as follows:

1. Confirmation of the Proposed Chapter 13 Plan be denied,
2. For attorneys' fees and costs herein, and
3. For such other relief as this Court deems proper.

Dated: June 15, 2018                  LAW OFFICES OF MICHELLE GHIDOTTI

                                        /s/ Kristin A. Zilberstein
                                        Kristin A. Zilberstein, Esq.
                                        Counsel for HMC Assets, LLC solely in its capacity as separate trustee of
                                        CAM XVIII Trust

5                18-11167
Objection to Plan
Case 18-11167-CMA    Doc 42    Filed 07/16/18    Ent. 07/16/18 16:29:44    Pg. 5 of 17

# EXHIBIT "1"



BSI Financial Services
314 S Franklin St. / Second Floor PO Box 517
Titusville PA 16354
Toll Free:  800-327-7861
Fax:  814-217-1366
Myloanweb.com/BSI

**NON-APPROVAL, NOT ELIGIBLE FOR ALTERNATIVE TO FORECLOSURE**

February 15, 2018

[Sent Via First Class Mail/FedEx/Fax/Etc.]

STEVEN J CUNNINGHAM
9369 31ST PL SW
SEATTLE, WA  98126

Re:  Result Following Review of Loss Mitigation Application
Property Address - 9369 31ST PL SW
SEATTLE, WA 98126
Loan #: REDACTED

Dear STEVEN J CUNNINGHAM:

Thank you for contacting us about your mortgage. Based on a careful review of the information you provided to us, unfortunately you are not eligible for mortgage payment assistance. Our review of your financial and other information indicates that you have sufficient financial ability to pay your mortgage. Your mortgage payment was due on March 1, 2018. In addition, your account has accrued late charges of $7,713.93.  It is important that you make your full mortgage payment and late charges in the amount of $218,255.15, immediately.

We recognize that this may be disappointing news for you.  However, in order to avoid the negative impacts to your credit rating resulting from late payments and to avoid foreclosure, it is important that you make the full payment listed above as quickly as possible and continue to make your mortgage payment by the scheduled due date.

Please send your payment in the full amount due to:
BSI Financial Services
314 S. Franklin St. 2nd Floor
PO Box 517
Titusville PA 16354

If you have questions about your mortgage payment, please contact us at 1-800-327-7861. If you have concerns about the evaluation of your mortgage for foreclosure alternatives, then please contact KENYA INGRAM at 1-866-949-0136 Ext. 3731.

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078.  Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



BSI Financial Services
314 S Franklin St. / Second Floor PO Box 517
Titusville PA 16354
Toll Free: 800-327-7861
Fax: 814-217-1366
Myloanweb.com/BSI

*Additional Information and Legal Notices*

You were evaluated for mortgage payment assistance based on the eligibility requirements of HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF CAM XVIII TRUST the owner of your mortgage loan.

Based on our review of your financial circumstances, although you may have a hardship, you are not eligible for the following loan modification option(s):

*Your monthly income was calculated at $2,478.90. The investor of your loan does not participate in non-obligor contributions. The investor is HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF CAM XII TRUST*

- Insufficient Income
- Excessive Arrears
- Excessive Obligation

The following foreclosure prevention alternatives may be available to you:
- Payoff
- Reinstatement

**Right to Appeal**

You have the right to appeal our determination not to offer you the loan modification option(s) listed above. If you would like to appeal, you must contact us in writing at the address provided below, no later than **March 1, 2018** and state that you are requesting an appeal of our decision. You must include in the appeal your name, property address, and mortgage loan number. You may also specify the reasons for your appeal, and provide any supporting documentation. Your right to appeal expires **March 1, 2018.** Any appeal requests or documentation received after **March 1, 2018** may not be considered.

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.

If you elect to appeal, you do not have to make the full mortgage payment amount until resolution of the appeal. If we determine on appeal that you are eligible for a loan modification option, we will send you an offer for that option. In that case, you may choose to make the full mortgage payment amount (including any delinquent amounts and late charges that have accrued during the appeal process) or accept the new loan modification offer by contacting us at 1-800-327-7861 or in writing at BSI Financial Services, 314 S. Franklin St. 2nd Floor, PO Box 517, Titusville PA 16354 no later than 14 calendar days from the date of the appeal decision.

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078.  Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



BSI Financial Services
314 S Franklin St. / Second Floor PO Box 517
Titusville PA 16354
Toll Free:  800-327-7861
Fax:  814-217-1366
Myloanweb.com/BSI

If you wait to make the payment amount described above until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest, and other unpaid amounts, such as escrows for taxes and insurance, will continue to accrue on your mortgage loan during the appeal, and will be added to the total amount due to bring your loan current.

Sincerely,

BSI Financial Services
Kenya Ingram
Loss Mitigation Specialist
REDACTED

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

**If an attorney represents you, please refer this letter to your attorney and provide us with the attorney's name, address and telephone number**.

REDACTED

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078.  Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.



BSI Financial Services
314 S Franklin St. / Second Floor PO Box 517
Titusville PA 16354
Toll Free: 800-327-7861
Fax: 814-217-1366
Myloanweb.com/BSI

## Qualified Written Request - Notice of Error or Information Request

Under the Real Estate Settlement Procedures Act, a qualified written request is a written correspondence (other than notice on your payment coupon or other payment medium supplied by us) regarding the servicing of your loan which identifies your name, account number, and the specific reasons for the request, such as an error on your loan account or a request for information. Any qualified written request you wish to submit must be sent to:

**BSI Financial Services**
Attn: Qualified Written Requests
1425 Greenway Drive, Suite 400
Irving, TX 75038

Attention Servicemembers and Dependents: Servicemembers on active duty, or a spouse or dependent of such a servicemember, may be entitled to certain protections under the Servicemembers Civil Relief Act ("SCRA") regarding the servicemember's interest rate and risk of foreclosure. SCRA and certain state laws provide important protections for you, including prohibiting foreclosure under most circumstances. If you are currently in the military service, or have been within the last 12 months, AND joined after signing the Note and Security Instrument now in default, please notify BSI Financial Services immediately. When contacting BSI Financial Services, as to your military service, you must provide positive proof as to your military status. Servicemembers and dependents with questions about the SCRA should contact their unit's Judge Advocate, or their installation's Legal Assistance Officer. Homeowner counseling is also available at agencies such as Military OneSource (www.militaryonesource.mil) (800-342-9647) and Armed Forces Legal Assistance (http://legalassistance.law.af.mil), and through HUD-Certified housing counselors (http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm). You can also contact us toll free at (800) 327-7861 if you have questions about your rights under SCRA.

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. - Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

# EXHIBIT "2"

Fill in this information to identify your case:

Debtor 1: **Steven Jay Cunningham**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: WESTERN DISTRICT OF WASHINGTON

Case number (If known): 18-11167

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Landscaper | |
| Employer's name | Self-employed | |
| Employer's address | 9369 31st Place SW<br>Seattle, WA 98126 | |
| How long employed there? | 17 years | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 0.00 | $ N/A |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ N/A |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | $ 0.00 | $ N/A |

Official Form 106I      **Schedule I: Your Income**      page 1

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ N/A |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 | + $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. 6. $ 0.00 | $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. 7. $ 0.00 | $ N/A

8. **List all other income regularly received:**
   - 8a. **Net income from rental property and from operating a business, profession, or farm**
     Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. 8a. $ 3,250.00 | $ N/A
   - 8b. **Interest and dividends** 8b. $ 0.00 | $ N/A
   - 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
     Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. 8c. $ 0.00 | $ N/A
   - 8d. **Unemployment compensation** 8d. $ 0.00 | $ N/A
   - 8e. **Social Security** 8e. $ 0.00 | $ N/A
   - 8f. **Other government assistance that you regularly receive**
     Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
     Specify: 8f. $ 0.00 | $ N/A
   - 8g. **Pension or retirement income** 8g. $ 0.00 | $ N/A
   - 8h. **Other monthly income.** Specify: 8h.+ $ 0.00 | + $ N/A

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. 9. $ 3,250.00 | $ N/A

10. **Calculate monthly income.** Add line 7 + line 9. 10. $ 3,250.00 + $ N/A = $ 3,250.00
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in** *Schedule J*.
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify: 11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies. 12. $ 3,250.00
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■ No.
    ☐ Yes. Explain: business income is seasonal. The income provided is the average income per month minus business expenses over a 12 month span.

Fill in this information to identify your case:

Debtor 1: **Steven Jay Cunningham**

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: WESTERN DISTRICT OF WASHINGTON

Case number: **18-11167**
(If known)

Check if this is:
- [ ] An amended filing
- [ ] A supplement showing postpetition chapter 13 expenses as of the following date:
_____
MM / DD / YYYY

Official Form 106J
# Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
   
   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** ☑ No

   Do not list Debtor 1 and Debtor 2.
   
   ☐ Yes. Fill out this information for each dependent..............
   
   Do not state the dependents names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   
   ☑ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.      4. $ **0.00**

   **If not included in line 4:**

   4a. Real estate taxes      4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance      4b. $ **0.00**
   4c. Home maintenance, repair, and upkeep expenses      4c. $ **25.00**
   4d. Homeowner's association or condominium dues      4d. $ **0.00**

5. **Additional mortgage payments for your residence,** such as home equity loans      5. $ **0.00**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | Steven Jay Cunningham | | Case number (if known) | 18-11167 |

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **175.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **150.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **265.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **325.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **20.00**
10. **Personal care products and services** — 10. $ **25.00**
11. **Medical and dental expenses** — 11. $ **0.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **125.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **50.00**
14. **Charitable contributions and religious donations** — 14. $ **0.00**
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **0.00**
    - 15b. Health insurance — 15b. $ **50.00**
    - 15c. Vehicle insurance — 15c. $ **125.00**
    - 15d. Other insurance. Specify: — 15d. $ **0.00**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ **0.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **0.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.**
    - 20a. Mortgages on other property — 20a. $ **0.00**
    - 20b. Real estate taxes — 20b. $ **0.00**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: — 21. +$ **0.00**

22. **Calculate your monthly expenses**
    - 22a. Add lines 4 through 21. — $ **1,335.00**
    - 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 — $
    - 22c. Add line 22a and 22b. The result is your monthly expenses. — $ **1,335.00**

23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **3,250.00**
    - 23b. Copy your monthly expenses from line 22c above. — 23b. -$ **1,335.00**
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ **1,915.00**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?
    - ■ No.
    - ☐ Yes. Explain here:

Kristin A. Zilberstein, Esq. (SBN: 47798)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ex. 1013
Fax: (949) 427-2732
kzilberstein@ghidottilaw.com

Attorney for Secured Creditor
HMC Assets, LLC solely in its capacity as separate trustee of
CAM XVIII Trust

# UNITED STATES BANKRUPTCY COURT

## WESTERN DISTRICT OF WASHINGTON – SEATTLE DIVISION

| | |
|---|---|
| In Re: | CASE NO.: 18-11167-CMA |
| Steven Jay Cunningham, | CHAPTER 13 |
| Debtors. | **CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1
CERTIFICATE OF SERVICE

On July 16, 2018 I served the following documents described as:

- **OBJECTION TO AMENDED CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Steven Jay Cunningham<br>9369 31st Place SW<br>Seattle, WA 98126-3938 | **Chapter 13 Trustee**<br>K Michael Fitzgerald<br>600 University St #1300<br>Seattle, WA 98101 |
|---|---|
| **Debtor's Counsel**<br>Justin I Mishkin<br>Integrity Law Group PLLC<br>2033 6th Ave, Suite 920<br>Seattle, WA 98121 | **U.S. Trustee**<br>United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101 |

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on July 16, 2018 at Santa Ana, California

/*s / Jeremy Romero*
Jeremy Romero

2
CERTIFICATE OF SERVICE